Morrill
*v.*
Brown
& Tr.

ISAAC ADAMS, in Error, *versus* DANIEL ADAMS.

No appeal lies to this Court from a judgment of the Court of Common Pleas, in an action of replevin brought under *St.* 1789, *c.* 26, § 1, before a justice of the peace, for the liberation of cattle impounded, where the title to real estate does not come in question.

ERROR. The present defendant sued out a writ of replevin against the present plaintiff, under *St.* 1789, *c.* 26, § 1, for the liberation of certain cattle which had been impounded, returnable before Asa W. Wildes, Esquire, a justice of the

Adams
*v.*
Adams.

peace ; and upon a trial, the justice rendered judgment in favor of the present defendant. From this judgment the present plaintiff appealed to the Court of Common Pleas ; and at the September term of that court in 1831, judgment was again rendered in favor of the present defendant, upon an issue in law joined between the parties. The present plaintiff thereupon appealed to this Court, and this Court also gave judgment in favor of the present defendant. (See 13 Pick. 384.)

It was assigned for error, that the damages were laid in the writ at twenty dollars and no more, and that the title to real estate was not by the pleadings brought into question before the justice of the peace, and therefore that an appeal did not lie from the Court of Common Pleas to this Court, and that this Court could have no jurisdiction of the case except upon writ of error, certiorari, or bill of exceptions.

*Nov. 7th.*

*Choate*, for the plaintiff in error, cited *St.* 1783, *c.* 42 · *Holmes* v. *Wood*, 6 Mass. R. 1 ; *Commonwealth* v. *Messen ger*, 4 Mass. R. 462 ; Anc. Chart. 300, 329, 366 ; *Belcher* v *Ward*, 5 Pick. 278 ; *Hovey* v. *Crane*, 10 Pick. 440 ; *Wooa* v. *Prescott*, 2 Mass. R. 174 ; *St.* 1797, *c.* 21 ; *Sumner* v. *Finegan*, 15 Mass. R. 280 ; *Capron* v. *Van Noorden*, 2 Cranch, 126 ; *Gage* v. *Reed*, 15 Johns. R. 404.

*Mosely*, for the defendant in error.

*Nov 8th.*

*Per Curiam.* This action having been commenced before a justice of the peace, and carried by appeal to the Court of Common Pleas, the judgment of that court was final. It was not open to an appeal to this Court. This Court had no jurisdiction. The judgment was erroneous and must be reversed.

*Judgment reversea.*